# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| AFALLON INVESTMENT, INC. § | |
| § | |
| Defendant. § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Plaintiff FCCI Insurance Company ("FCCI") files this Original Complaint for Declaratory Judgment and respectfully shows:

### THE PARTIES

1.      Plaintiff FCCI is a citizen of the State of Florida because it is an insurance company organized under the laws of the State of Florida and is domiciled in the State of Florida. FCCI's principal office is in Sarasota, Florida.

2.      Defendant Afallon Investments, Inc. ("Afallon") is incorporated under the laws of the State of Texas. Afallon maintains its principal place of business in Texas and, therefore, is a Texas citizen for diversity purposes. Afallon may be served with process by serving its registered agent, Robert P. Shepard, 503 E. Border Street, Arlington, Texas 76010.

### JURISDICTION

3.      This court has jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, as

Afallon seeks payment of an appraisal award totaling $468,437.50 on an actual cash value basis. Jurisdiction is also appropriate a because the issues presented in this suit are ripe for adjudication.

## VENUE

4.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(2) because the allegedly damaged property formally owned by Afallon is located in Tarrant County, Texas, a county embraced within the Northern District of Texas, Fort Worth Division.

## BACKGROUND

5.      This declaratory judgment action is brought to resolve insurance coverage issues under a commercial property insurance policy issued by FCCI. Afallon seeks coverage for alleged damage to two buildings ("the West Building" or "the East Building") located at 201 E Abrams Street, Arlington, Texas 76051 (the "Property") as a result of a storm event on June 5, 2018.

6.      Afallon submitted a claim to FCCI on or about October 3, 2018, indicating that the Property had suffered hail damage to its roof due to a June 5, 2018 storm. FCCI investigated and adjusted the claim, eventually retaining an engineer, Scott J. Morrison, P.E. of JS Held Engineering, to investigate the claimed hail damage. *See* Exhibit 1. The engineer inspected the premises and issued a report on February 28, 2019. The engineer concluded that there was no hail-caused damage to the granule covered modified bitumen roof, the asphalt built-up roofing, or to the galvanized steel roofing on the West Building. With respect to the East Building, the engineer concluded (1) that there was no hail-caused damage to the asphalt built-up roofing on the East Building and (2) that hail had punctured the base flashing along on the East Building and that the damaged based flashing could be removed with standard techniques. Lastly, the engineer concluded there was no haul-caused damage to stucco on the walls of the West and East Buildings.

7. FCCI also retained Parker Claim Service to determine the replacement cost and cost of repairs based on the engineer's conclusion. *See* Exhibit 2. On or about March 22, 2019, FCCI issued a response extending $13,271.17 in payment of Afallon's claim based upon the investigation of the independent engineer and the report issued by Parker Claim Service. *See* Exhibit 3.

8. On or about August 30, 2019, FCCI received a letter from Robert Johnson on behalf of Afallon invoking the appraisal process and naming an appraiser (Joel Yeatts). *See* Exhibit 4. On or about September 5, 2020, FCCI responded to Afallon's appraisal demand and named its appraiser (Gary Boyd). *See* Exhibit 5.

9. The parties' appraisers selected Donny Reed to serve as the umpire, and the umpire issued the appraisal award of $468,437.50 on an actual cash value basis on March 25, 2021. *See* Exhibit 6. Afallon's appraiser signed the umpire award on March 26, 2021. However, the co-signed umpire's award was not forwarded to FCCI until April 15, 2021. *See* Exhibit 7. FCCI declined to accept the appraisal award and Afallon's demand on May 13, 2021. *See* Exhibit 8.

10. FCCI now files this action to determine its coverage obligations in light of the lack of a Covered Cause of Loss.

## THE FCCI POLICY

13. FCCI issued Commercial Property Insurance Policy No. CPP0017170 to Afallon for the policy term August 17, 2017 – August 17, 2018 (the "Policy"). The Policy and the insuring agreement of the Policy provides in relevant part:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

\* \* \*

A. **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. **Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

a. **Building**, meaning the building or structure described in the Declarations, ….

\* \* \*

3. **Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

\* \* \*

The Policy also provides:

E. **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\* \* \*

4. Loss Payment

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of the lost or damaged property;
**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;
**(3)** Take all or any part of the property with other property of like kind and quality, subject to **b.** below.
**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

\* \* \*

F. **Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

1. Coinsurance

   If a coinsurance percentage is shown in the Declarations, the following condition applies:

   **a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

   Instead, we will determine the most we will pay using the following steps:

   **(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;
   **(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;
   **(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and
   **(4)** Subtract the deductible from the figure determined in Step **(3)**.

   We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

\* \* \*

**CAUSES OF LOSS SPECIAL FORM**

\* \* \*

A. **Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes Of Loss means direct physical loss unless the loss is:

   **(1)** Excluded in **Section B.** Exclusions; or
   **(2)** Limited in **Section C.** Limitations;

B. **Exclusions**

\* \* \*

2. We will not pay for loss or damage caused by or resulting from any of the following:

   **d.**
   **(1)** Wear and tear;
   **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
   **(3)** Smog;
   **(4)** Settling, cracking, shrinking or expansion;

\* \* \*

    **C.**    **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

* * *

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by rain or not, unless:

        **(1)** The building or structure first sustains damage by a Covered Cause Of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure

* * *

## DECLARATORY RELIEF SOUGHT

15. FCCI seeks a declaration that Afallon's claim for damages submitted to FCCI were not caused by or did not result from a Covered Cause Of Loss as required by the Policy's insuring agreement. FCCI also seeks a declaration that, to the extent any damages to the Property exists, the damages are precluded from coverage under Exclusion B.2.d.(1), (2) or (4) and C.1.c.(1) included within the Causes of Loss Special Form of the Policy.

## PRAYER

Therefore, FCCI requests that the Court enter judgment:

a. Declaring that Afallon's claim for damages submitted to FCCI were not caused by or did not result from a Covered Cause Of Loss under paragraph A. of the Causes of Loss Special Form of the Policy;

    b. Declaring that, to the extent any damages to the Property exist, the damages are precluded from coverage under Exclusion B.2.d.(1), (2) or (4) and C.1.c.(1) included within the Causes of Loss Special Form of the Policy and that coverage is not available for Afallon under the Policy; and

    c. All other and further relief to which Plaintiff may show itself entitled at law or in equity.

Respectfully submitted,

*/s/ J. Richard Harmon*
J. Richard Harmon
State Bar No. 09020700
Hunter P. Davidson
State Bar No. 24097573

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  214-871-8200
Telecopy:  214-871-8209
E-Mail:  rharmon@thompsoncoe.com
E-Mail:  hdavidson@thompsoncoe.com

**COUNSEL FOR FCCI INSURANCE COMPANY**